UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CHRIS JEFFERSON                                                    CIVIL ACTION

VERSUS                                                             NO. 10-782

NEW ORLEANS CRIMINAL DISTRICT                                      SECTION "N" (1)
  COURT, DIVISION F

## ORDER AND REASONS

        Presently before the Court is the petition for federal habeas corpus relief filed by Petitioner, Chris A. Jefferson, pursuant to 28 U.S.C. §2254.  Upon filing, this matter was referred to the assigned United States Magistrate Judge for the purpose of conducting a hearing, and the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Following a review of the record, the magistrate judge determined that this matter could be disposed of without an evidentiary hearing, and recommended that the petition be granted.  *See* Report and Recommendation (Rec. Doc. 17).  Respondent has objected to the Report and Recommendation to the extent that it recommends that the petition be granted.  *See* State's Objection to the Report and Recommendation of the Magistrate Judge (Rec. Doc. 18) ("State's Objection").  The Court now conducts the requisite *de novo* review of the aspects of the recommendation to which Respondent objects.

On March 26, 2007, Petitioner was convicted of being a felon in possession of a firearm in violation of Louisiana Revised Statute § 14:95.1.[1] Thereafter, on September 25, 2007, he was sentenced to a term of fifteen years imprisonment without benefit of probation, parole, or suspension of sentence.[2] On September 24, 2008, the Louisiana Fourth Circuit Court of Appeal affirmed the conviction and sentence. The Louisiana Supreme Court then denied Petitioner's related writ applications on May 22 and 29, 2009.[3] This federal habeas petition followed.

The Court has carefully considered the petition, the record, the applicable law, the Report and Recommendation issued by the assigned United States Magistrate Judge, and the State's Objection. For essentially the reasons set forth in the State's Objection (Rec. Doc. 18) and the Louisiana Fourth Circuit's September 24, 2008 opinion, **IT IS ORDERED** that the Report and Recommendation is adopted in part, and made the order of the Court in part.[4] Specifically, **IT IS ORDERED** that the Report and Recommendation is adopted, and made the order of the Court, insofar as it recommends that two of Petitioner's three claims be denied. **IT IS FURTHER**

---

[1] The underlying prior felony conviction is Petitioner's August 26, 1993 conviction for manslaughter for which he received the then maximum sentence of twenty-one years at hard labor.

[2] *See State v. Jefferson*, 2008-0470 (La. App. 4 Cir. 9/24/08); 992 So.2d 594.

[3] *See State v. Jefferson*, 2008-2523 (La. 5/22/09); 9 So.3d 138; and 2008-2663 (La. 5/22/09); 9 So.3d 162.

[4] In addition to the cases found distinguishable by the Louisiana Fourth Circuit, this Court finds the more recent decision cited in the Report and Recommendation, *State v. McKnight*, 2009-1186 (La. App. 4 Cir. 4/14/2010); 37 So.3d 1050; similarly distinguishable. There, no evidence regarding the initial sentence imposed, much less its actual completion date, was introduced. *McKnight*, 2008-1186, p. 4; 37 F.3d at 1052-53. Here, however, as explained in the state appellate court's opinion, evidence of the stipulated dates of the manslaughter offense and conviction, and the length of the sentence imposed (twenty-one years), when considered along with then applicable law regarding eligibility for parole, and the impossibility of being discharged therefrom prior to completion of the original sentencing date, allowed Respondent to satisfy its burden of proof.

**ORDERED**, however, that the Respondent's objection is **SUSTAINED** with respect to the portions of the Report and Recommendation directed to Petitioner's claim concerning the ten-year "cleansing period" applicable to his underlying felony manslaughter conviction pursuant to Louisiana Revised Statute 14:95.1(C).  Accordingly, **IT IS FINALLY ORDERED** that the petition for issuance of a Writ of Habeas Corpus filed by Petitioner, Chris A. Jefferson, pursuant to 28 U.S.C. §2254, is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 30th day of November 2011.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE